UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Ditech Holding Corporation. et. al,
                                    Debtor.

Samuel Rodriguez            v.

Ditech Holdings and its Insider

Successor Selene Finance LP.

) **Adversary Proceeding Case Number: 19-1324**
)
) **Bankruptcy Case No: 19-10412-JLG**
)
) MOTION FOR PRELIMINARY INJUNCTION AND
) TEMPORARY RESTRAINING ORDER.
)
) *Emergency handling requested*
)
)
)
)
) Assigned to the Hon. James L. Garrity

Creditor and Adversary Proceeding Plaintiff Samuel Rodriguez, Pursuant to *Rule 65 of the Federal Rules of Civil Procedure*, applicable to this matter through *Rule 7065 of the Federal Rules of Bankruptcy Procedure*, hereby submits his application requesting this court issues a Preliminary Injunction and Temporary Restraining Order in this matter, enjoining defendants from proceeding with any trustee sale or otherwise deprive Samuel Rodriguez of the property subject of his complaint.

**Background.**

    1.   Plaintiff has a pending Adversarial Proceeding Complaint alleging a prepetition fraudulent transfer of property for purposes of filing bankruptcy. Specifically, Plaintiff will prove

that the disputed asset in the form of a forward loan is not only subject to correction through the approved chapter 11 plan, it is additionally subject to an order of this court reversing the fraudulent transfer (purported sale) that took place within the statutory time period and for <u>grossly</u> under its value, which undisputedly classifies it as a fraudulent transfer.

2. Plaintiff's relationship to defendants is through a mortgage loan, on property, which has served as primary residence to plaintiff for twenty years.

3. Defendants have been served through counsel. Weil, Gotshal & Manges LLP as to Ditech Holdings LP. Tiffany and Bosco LP as to Selene Finance LP.

4. A preliminary hearing is set for October 10th 2019 at 11:00 am to accomplish the following according to the document tilted "adversary proceeding primer" found on usbcourts.gov.

    a) The issues raised by the pleadings;

    b) Pending and/or additional motions; discovery issues;

    c) Any settlement discussions between the parties;

    d) The possibility of arbitration or mediation;

    e) And the need for additional pretrial conferences.

5. On October 8th at around lunchtime, Defendant Ditech, through counsel Weil, contacted plaintiff to request a continuance of such hearing to November 14th 2019 for its own private undisclosed reasons unrelated to Plaintiff.

6. Plaintiff, in the interest of accommodating the court to the extent Ditech's request was related to an overflow of work to it, agreed to such continuance CONDITIONED one thing and one thing only. THE ABILITY, with defendants' assistance TO MAINTAIN THE STATUS QUO, by obtaining a TRO that extends into the time period needed or the rescheduling of the adversarial complaint.

7. In addition to the above Ditech's counsel and Plaintiff discussed settlement. The conversation ended with the covenant that Ditech's counsel would speak to his superiors and get back to Plaintiff on the condition for continuance and settlement as expeditiously as possible. Somehow

Ditech's counsel took that as a yes to the continuance and jumped the gun on informing the court that Plaintiff had agreed to such continuance. This is incorrect in its present form and Plaintiff informed the court immediately after receiving such notice. Plaintiff CANNOT agree to such a continuance without a TRO.

8. As Plaintiff's situation stands, a preliminary Restraining order was issued by a local court regarding this matter based on merits of course but mainly due to the ongoing proceedings in New York. Such preliminary order, by its nature is limited in time. The time allotted was contemplated to protect plaintiff through the Preliminary hearing in the New York court. Subsequent to that hearing Plaintiff was supposed to report to the local court the status of the matter and seek, at that time, an issuance of a Temporary restraining order adequate to the time period needed to litigate the adversarial proceeding in New York.

9. With Ditech's need for a continuance of the preliminary hearing, Plaintiff will find himself

       in an unprotected period, in which Defendant Selene Finance LP would be free to further damage Plaintiff by performing a wrongful foreclosure on his home, based on the pending fraudulent transfer before the US Bankruptcy court. Such wrongful foreclosure sale is currently scheduled for October 30th 2019.

10. The current preliminary restraining order expires on October 18th 2019 and without being able to report a status as originally presented to the local court, Plaintiff fears a renewal, extension or issuance of a TRO by that local court would not be granted or procedurally NOT granted in time to stop irreparable harm to Plaintiff.

11. Facts above render United States Bankruptcy Court for the Southern District of New York as the most proper forum to request the necessary Preliminary Injunction and Temporary Restraining Order.

Legal Standard.

The Rule states that a Bankruptcy Court may issue a preliminary injunction where the moving party demonstrates:

    **I.** A substantial likelihood of success on the merits.

**II.** That irreparable injury will be suffered unless the injunction issues.

**III.** The threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party;

**IV.** If issued, the injunction would not be adverse to the public interest.

Plaintiff incorporates all allegations made on the complaint and submits as follows for incise (I); Defendant Ditech, though a straw agent specializing in the sale of these type of assets of the bankruptcy estate, Mission Global LLC. Sold and FRAUULENTLY TRANSFERRED the subject loan and future asset of the bankruptcy estate to an insider as defined on 11 USC § 101(31), now defendant Selene Finance LP and its associates. This transaction was consummated on September 4th 2018 well within the statutorily period for fraudulent transfers based on the filing date of the underlying bankruptcy case. This transaction was done solely for the purpose of avoiding it being a part of the estate and subject to creditors, beginning with Plaintiff/creditor Samuel Rodriguez.

Additionally this transaction was done for grossly and highly egregiously less than the value of the future bankruptcy estate asset as Representatives at Mission Global report the

Effective sales price of the loan was around $ 10,000.00 (ten Thousand Dollars 00/00) adjusted for minor calculations in the formula for net present value and such.

The material facts above plus others that will be submitted, as discovery progresses constitute a fraudulent transfer under 11 USC § 548, and subject to this adversarial proceeding, thus necessitating the issuance of provisional remedies to insure the wellbeing of plaintiff and the bankruptcy estate.

Plaintiff incorporates all allegations made on the complaint and submits as follows for incise (II); If Defendants are not enjoined from holding the Trustee's Sale on October 30th 2019, and any other they intent to notice while this adversarial complaint is ongoing, Plaintiff Samuel Rodriguez will lose all defenses to any Trustee's Sale and will lose the Property without a chance to litigate the issues set forth in the Adversarial Complaint. Plaintiff Samuel Rodriguez Property is unique and the harm of losing the Property is not speculative; rather, the harm is unquestionably imminent.). Because this case involves real property, his home of 20 years, which is by its nature unique, Plaintiff Samuel Rodriguez cannot possibly be compensated by mere money damages. Moreover, the relief he seeks is mandated by statute to prevent fraudulent transfers.

Plaintiff incorporates all allegations made on the complaint and submits as follows for incise (III); There is no damage to Defendants, in fact as the Bankruptcy Estate value would increase by reversing a loan what was sold for then thousand dollars which is worth half a million, it immediately benefits to the tune of $ 490,000.00 Four hundred thousand and ninety dollars in increased value to the Bankruptcy Estate. The fact that this fraudulent transfer was done prepetition for reasons which were obviously to defraud creditors and facilitate the Filing is something that the court would have to decide what to do on and if Plaintiff Samuel Rodriguez is entitled to damages for the induced hardship it created. For purposes of issuing the TRO however the bankruptcy estate, The debtor and defendants all benefit, outweighing by far the damage that would be created to Plaintiff were this TRO not be issued and strongly tipping the balance of equities in favor of Plaintiff Samuel Rodriguez for immediate issuance of the requested relief.

Plaintiff incorporates all allegations made on the complaint and submits as follows for incise (IV); The public interest will not be served in this case if Defendants are permitted to push forward with any Trustee's Sale. In fact the only way that the public interest would be served is if the underlying trustee sale notice is vacated by the TRO since the

fact of it being proliferated on our internet dependent society, damages not only the Plaintiff Samuel Rodriguez but a countless individuals (some of which have been knocking on Plaintiff's front door insatiably) who think they are looking at a valid sale as scheduled and make in unquantifiable arrangements and sacrifices to keep attending these sales. Indeed, if the TRO does not issue, again, Plaintiff will be left with no legal remedies to preserve his Property. How can the public interest be served if Defendants are entitled to move forward with the Trustee's Sale? Indeed, allowing Defendants to push forward foreclosure without having to account for its fraud will harm the public interest.

## IV. CONCLUSION

A TRO is justified in this case. It merely keeps the status quo providing the parties ample time to sort out what happened up until now, at the hearing tomorrow October 10th 2019 or the requested continued date of November 14th 2019, and what is happening regarding the underlying merits of the adversarial complaint, its rightful place in the bankruptcy estate, and who holds it after this adversarial proceeding is disposed of, which is very likely not to be the defendant Selene LP in this case but instead the bankruptcy estate and/or the beneficiary of the

approved plan in the CH 11 case or whomever the court decides on. Plaintiff will invariably suffer immediate and irreparable harm if he loses his Property. Plaintiff has a probable likelihood of success on the merits of his claims, the most formative factor that this Court must consider. Additionally, the balancing of hardships clearly favors the Plaintiff in this case. Bankruptcy law mandates the requested remedy here. Simply postponing the scheduled Trustee's Sale for a few months and if the court pleases cancel the trustee sale notice altogether to allow the parties to litigate the issues alleged in the Adversarial Complaint is in the best interest of all parties, <u>including Defendants</u>. Finally, the public's interest will be well served by the issuance of the TRO, as it will ensure that people like plaintiff do not unwittingly lose their property rights.

For the foregoing reasons, Plaintiff, Samuel Rodriguez requests that this Court issue on an emergency basis a Preliminary injunction and Restraining order enjoining Defendants from holding the Trustee's Sale currently scheduled-for October 30th 2019, cancel the underlying trustee sale notice and issue Temporary Restraining order to enjoin Defendants from noticing any trustee sale while this adversarial complaint

thwarting any right or title to the underlying note due to fraud and fraudulent conveyance actions, is fully litigated.

RESPECTFULLY SUBMITTED ELECTRONICALLY, this ninth day of October, 2019

*Samuel Rodriguez*
_____
Samuel Rodriguez-520-999-7900 oilbiz@att.net

Copies of the foregoing were hand delivered, and/or delivered electronically via email, and/or facsimile, and/or USPS to the following parties:

Ditech Holding Co
Through its counsel at Weil LLP
David Hill IV David.Hill@weil.com
767 Fifth Avenue. New York, NY 10153

Selene Finance LP
Through it's Counsel at Tiffany & Bosco PA
Leonard J. McDonald LJM@tblaw.com
2525 E. Camelback Rd. Phoenix AZ 85016

By: *Samuel Rodriguez.*

# UNITED STATES BANKRUPCTY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samuel Rodriguez,<br><br>Plaintiff,<br><br>v.<br><br>Ditech Holdings and its Insider Successor Selene Finance LP,<br><br>Defendants. | **Adversary Proceeding Case Number: 19-1324**<br><br>**Bankruptcy Case No: 19-10412-JLG**<br><br>**(PROPOSED) ORDER GRANTING TEMPORARY RESTRAINING ORDER AND INJUNCTION AGAINST ANY TRUSTEE SALE.** |

This matter is before the Court on the Motion for Preliminary Injunction and Temporary Restraining Order filed on October 9, 2019 [Docket No.   ]. And good cause appearing;

IT IS HEREBY ORDERED that pursuant to Rule 65 of the Federal Rules of Civil Procedure (applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), the Court finds that a Temporary Restraining Order shall be entered against the defendants.

This Injunction and Restraining order shall remain active while the adversarial proceeding in this court is in place, and remain in effect until its full disposition, or this date _____.

Dated: _____, 2019

**Honorable Hon. James L. Garrity**
**United States Bankruptcy Judge**

CORE/3000312.0015/112088391.1